UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES W. ADAMS,

        Petitioner,

v.                                                                Case No. 16-cv-1111-pp

GARY BOUGHTON,

        Defendant.

**ORDER CLOSING THE CASE FOR ADMINISTRATIVE PURPOSES WITH THE RIGHT TO REOPEN UPON EXHAUSTION**

        On August 18, 2016, the petitioner filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254, dkt. no. 1, along with a motion asking the court to stay his case pending the exhaustion of state court remedies, dkt. no. 2. The court granted that motion on October 4, 2016, and stayed the federal proceedings. Dkt. No. 9. The court ordered the petitioner to file status reports every ninety days, to let this court know the progress of his state litigation. Id. The petitioner since has filed several status reports, the last of which came on December 19, 2017. Dkt. No. 17. In his last status report, the petitioner reported that he still was waiting for the state courts to finish ruling on his state court remedies.

        The court applauds and thanks the petitioner for filing his status reports every ninety days. The court will require him to continue that practice. Given how long the state proceedings are taking, however, the court is going to

1

*administratively* close the petitioner's case, with the parties retaining all rights they would have had had the case not been closed for administrative purposes, until the petitioner notifies the court that his state court proceedings have finished. As soon as the state court litigation is complete, the petition may file a one-sentence motion, asking the court to reopen his case. The court will grant that motion immediately, and the filing date will remain August 18, 2016. (In other words, this administrative closure and any subsequent reopening do not change the fact that, for statute of limitations purposes, the petitioner filed his petition on August 18, 2016.)

The court **ORDERS** the clerk of court to **CLOSE** this case for administrative purposes. The court's previous order that the petitioner file a motion to lift the stay within thirty days of completing exhaustion remains in effect. Dkt. No. 9.

Under the Memorandum of Understanding between the Attorney General and this court, the court will send a copy of the petition and this order to the Attorney General for the State of Wisconsin and the warden of the institution having custody of the petitioner.

Dated in Milwaukee, Wisconsin this 31st day of January, 2018.

                                        **BY THE COURT:**

                                        **HON. PAMELA PEPPER**
                                        **United States District Judge**