UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHARLES W. ADAMS,

        Petitioner,

  v.                                    Case No. 16-cv-1111-pp

GARY BOUGHTON

        Respondent.

---

**ORDER GRANTING MOTION TO REOPEN CASE (DKT. NO. 23), LIFTING STAY, DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO APPOINT COUNSEL (DKT. NO. 23) AND ORDERING PETITIONER TO FILE AMENDED PETITION**

---

**I.    Background**

On August 18, 2016, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2013 conviction in Winnebago County for capturing an image of nudity with a repeater enhancement. Dkt. No. 1. At the same time he filed the petition, the petitioner filed a motion to stay the case pending the exhaustion of his state court remedies. Dkt. No. 2. The motion indicated that the petitioner had prepared a motion under Wis. Stat. §974.06 in an attempt to present all of his issues to the state courts. Id. A little over a month and a half later, the court granted the petitioner's motion for a stay and ordered him to file status updates every ninety days to keep the court informed about the progress of his state court proceedings. Dkt. No. 9. The petitioner did exactly as the court asked. See Dkt. Nos. 15, 16, 17, 21, 22.

1

In January 2018, this court entered an order closing the case for administrative purposes only and asking the petitioner to file a motion to lift the stay within thirty days of exhausting his state remedies. Dkt. No. 18.

On June 15, 2018, the petitioner filed a "motion to reopen case" in which he informed the court that on June 11, 2018 the Wisconsin Supreme Court had denied his petition for writ of *habeas corpus* and denied his motion for appointment of counsel. Dkt. Nos. 23; 23-1. The petitioner asked the court to re-open this case and to appoint him counsel to assist him in presenting his *habeas* claims. The court regrets that this motion somehow escaped the court's attention—it should have ruled on the motion a long time ago.

**II. Motion to Reopen Case (Dkt. No. 23)**

The court administratively closed the petitioner's case because it did not know when the Wisconsin courts would conclude their review of the petitioner's post-conviction motions. Dkt. No. 18. The January 31, 2018 order required the petitioner to file a motion to re-open his case within thirty days of exhausting his remedies; the petitioner filed this motion to reopen within four days of the Wisconsin Supreme Court's June 11, 2018 order. The court will grant the petitioner's motion, lift the stay and re-open the case.

The court will give the petitioner a chance to file an amended petition for writ of *habeas corpus*; the court anticipates that the petitioner may want to include the claims that he now has exhausted in state court. Once the petitioner files an amended petition, the court will rule on his motion for leave to proceed without prepaying the $5.00 filing fee, dkt. no. 3, and will screen the

2

amended petition under Rule 4 of the Rules Governing Section 2254 proceedings.

**III.    Motion to Appoint Counsel (Dkt. No. 23)**

The motion to appoint counsel informs the court that the state courts erred in denying the petitioner's motion for post-conviction relief without appointing him counsel. Dkt. No. 23. He ends his motion by asserting that his case never will receive a full and fair hearing until the court assigns him counsel to help him argue his case. Id. at 3. He does not explain why he believes he needs a lawyer to help him or why he himself cannot present his *habeas* claims to this court.

There is no statutory or constitutional right to court-appointed counsel in federal civil litigation. Pruitt v. Mote, 503 F.3d 647 (7th Cir. 2007). This is particularly true in *habeas* cases; "[a] litigant is not entitled to appointed counsel in a federal postconviction proceeding." Taylor v. Knight, 223 F. App'x 503, 504 (7th Cir. 2007) (citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Powell v. Davis, 415 F.3d 722, 727 (7th Cir. 2005)). The Criminal Justice Act gives a district court the discretion to appoint counsel if "the interests of justice so require." 18 U.S.C. §3006A(a)(2)(B).

The interests of justice do not require the court to appoint counsel for the petitioner now. The pleadings the petitioner has filed thus far—his original petition, his motion for stay, his status reports—are articulate, clear and easy for the court to understand. The petitioner appropriately asked the court to stay his federal *habeas* case while he exhausted his remedies in state court,

3

demonstrating that he is familiar with some of the procedural requirements involved in filing a federal *habeas* petition. The court can understand the petitioner's allegations, which appear to assert claims under the Sixth Amendment. See Dkt. No. 1.

Most incarcerated inmates who file lawsuits or *habeas* petitions ask for lawyers. The majority of them do not have the money to hire lawyers, do not have legal education or familiarity with the law and do not have sufficient access to the law library. The court does not have the resources to appoint lawyers for all *habeas* petitioners; it must rely on volunteer lawyers. And the requests for an attorney far outnumber the number of volunteers. As a result the courts appoints counsel only in those cases where a party is not able to express himself, and where the litigation has reached a point that a lay person could not handle it on his own. The petitioner has not yet filed an amended petition in which he will state all the grounds for *habeas* relief that he will be pursuing. The respondent has not yet responded to the petitioner's petition. This case has not reached the point where the petitioner cannot handle it himself. If there comes a time where the litigation becomes too complex for the petitioner to handle it on his own, he may renew the motion.

### III. Conclusion

The court **LIFTS** the stay (Dkt. No. 9).

The court **GRANTS** the petitioner's motion to re-open the case, dkt. no. 23, and **ORDERS** the Clerk of Court to **RE-OPEN** the case.

The court **ORDERS** that the petitioner must file an amended petition for writ of *habeas corpus* in time for the court to receive it by the end of the day on **September 25, 2020**. If the court does not receive an amended petition, or a motion for an extension of time to file the amended petition, by the end of the day on September 25, 2020, the court will screen only the exhausted claims in the original petition.

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion to appoint counsel. Dkt. No. 23.

Dated in Milwaukee, Wisconsin this 27th day of July, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**