CHARLES W. ADAMS,

        Petitioner,

  v.                                        Case No. 16-cv-1111-pp

CHERYL EPLETT,[1]

        Respondent.

**ORDER DENYING AS MOOT MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3), DENYING PETITIONER'S SECOND MOTION TO APPOINT COUNSEL (DKT. NO. 30), DENYING PETITIONER'S THIRD MOTION TO APPOINT COUNSEL (DKT. NO. 31) AND SCREENING *HABEAS* PETITION (DKT. NO. 1)**

On August 18, 2016, the petitioner, who is incarcerated at Oshkosh Correctional Institution and who is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2013 conviction in Winnebago County Circuit Court for capturing an image of nudity as a repeater. Dkt. No. 1. On October 4, 2016, the court granted the petitioner's motion to stay the case while he attempted to exhaust his state court remedies. Dkt. No. 9. On July 27, 2020, the court reopened the case, denied the petitioner's motion to appoint counsel and ordered him to file an amended

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts says that if someone is currently in custody under as state-court judgment, "the petition must name as respondent the state officer who has custody." Because the petitioner is in custody at Oshkosh Correctional Institution, the court has substituted the name of the warden of Oshkosh, Cheryl Eplett, as the respondent.

1

petition. Dkt. No. 29. On August 4, 2020, the petitioner filed a document titled "Response + Request." Dkt. No. 30. On May 19, 2021, the court received from the petitioner another motion to appoint counsel. Dkt. No. 31.

This order denies as moot the petitioner's motion to proceed without prepaying the filing fee, denies without prejudice his motions to appoint counsel and screens the petition under Rule 4 of the Rules Governing Section 2254 Proceedings. Because it does not plainly appear from the record that the petitioner is not entitled to relief, the court will allow the petitioner to proceed on his claims, order the respondent to answer or otherwise respond to the petition and set a briefing schedule.

**I.      Motion for Leave to Proceed Without Prepaying the Filing Fee**

There is a $5.00 filing fee for filing a *habeas* petition. 28 U.S.C. §1914(a). With his original petition, the petitioner filed a motion for leave to proceed without prepaying that fee. Dkt. No. 3. On September 29, 2020, the court received the filing fee. The court will deny the motion as moot.

**II.     Background**

On July 29, 2011, the State of Wisconsin filed a complaint in Winnebago County Circuit Court charging the petitioner with two counts of capturing an image of nudity as a repeater. See State v. Adams, Winnebago County Case No. 11CF563 (available at https://wcca.wicourts.gov). On the State's motion, the court dismissed Count Two. Id. On December 11, 2012, a Winnebago County jury found the petitioner guilty of Count One. Id. On February 28, 2013, the circuit court sentenced the petitioner to sixty-six months of prison and twenty-

2

four months of extended supervision. Id. The clerk entered judgment the same day. Id.

On May 29, 2014, the petitioner filed a notice of appeal. Dkt. No. 1 at 3. The petitioner says he raised the following issues: (1) the circuit court erred in denying a motion to dismiss and (2) "the complainant did not have a reasonable expectation of privacy when she was recorded nude engaging in the illegal act of prostitution." Id. He says that on March 11, 2015, the Wisconsin Court of Appeals affirmed the circuit court's judgment. Id. The petition states that a month later, the petitioner petitioned the Wisconsin Supreme Court for review of "whether a person has a reasonable expectation of privacy when secretly recorded nude engaging in prostitution." Id. He says the court denied review on June 12, 2015. Id.

On August 18, 2016, the petitioner filed this federal *habeas* petition. Dkt. No. 1. The petitioner asserts three grounds for relief: (1) ineffective assistance of appellate counsel, (2) ineffective assistance of trial counsel and (3) trial court error in "failing to over rule several motion(2) to suppress on november 29th, 2012 and review transcript from the hearings as well as make it on record from 10-CF754 and later suppression." Id. at 6-9.

With his petition, the petitioner filed a motion asking the court to stay the case. Dkt. No. 2. The motion stated that the petitioner wanted the state courts to consider certain issues that his appellate counsel had not raised. Id. at 2. He said that he sought a stay to comport with his filing deadline. Id. at 3. Five weeks later, the court granted the petitioner's motion and stayed the case.

3

Dkt. No. 9. A review of the publicly available state-court docket reflects two filings after this court stayed the federal case. On January 4, 2018, the petitioner filed a letter in the Wisconsin Court of Appeals. State v. Adams, Winnebago County Case No. 11CF563 (available at https://wcca.wicourts.gov); see also State v. Adams, Case No. 18XX29 (available at https://wscca.wicourts.gov). Four days later, the Court of Appeals ordered that the court would take no action on the letter. Id. On February 7, 2018, the petitioner filed a *habeas* petition in the Wisconsin Supreme Court. State v. Adams, Winnebago County Case No. 11CF563 (available at https://wcca.wicourts.gov); see also Adams v. Boughton, Case No. 18AP243 (available at https://wscca.wicourts.gov). On June 11, 2018, the Wisconsin Supreme Court denied the *habeas* petition. Id.

On June 15, 2018, the petitioner filed a motion to reopen this case. Dkt. No. 23. The court granted that motion and lifted the stay on July 27, 2020. Dkt. No. 29. Anticipating that the petitioner might want to add claims that he might have exhausted in state court, the court gave the petitioner the opportunity to file an amended petition. Id. at 2. The court set a deadline for filing an amended petition for September 25, 2020. Id. at 5. The court clarified that if the petitioner did not timely file an amended petition, it would screen only exhausted claims raised in the original petition. Id. Because the petitioner did not file an amended petition, the court screens the original petition.

### III. Rule 4 Screening

    A.    <u>Standard</u>

Rule 4 of the Rules Governing §2254 Proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear to the court that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view of the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only the exhausted claims. <u>Rose v. Lundy</u>, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000)

B.   Analysis

The petitioner has stated cognizable constitutional claims. See Trevino v. Thaler, 569 U.S. 413 (2013) (considering an ineffective assistance of trial counsel claim on *habeas* review); Makiel v. Butler, 782 F.3d 882, 897 (7th Cir. 2015) (considering an ineffective assistance of appellate counsel claim on *habeas* review); Perruquet v. Briley, 390 F.3d 505, 512 (7th Cir. 2004) (considering a claim of trial court error on *habeas* review).

The Wisconsin Supreme Court denied review on June 12, 2015; because the petitioner did not file a petition for *certiori* with the United States Supreme Court, the judgment became final ninety days later. The petitioner filed this federal *habeas* petition on August 18, 2016, so it appears that he filed the federal petition within the one-year limitation period imposed by AEDPA. Admittedly, the court has concerns about whether the petitioner exhausted his state remedies and whether he procedurally defaulted any of his claims. In the motion for a stay filed with the federal *habeas* petition, the petitioner explained that he wanted to return to state court to "properly and fully raise" several constitutional claims. Dkt. No. 2 at 2-3. Without the benefit of a full record, the court cannot tell what claims the petitioner raised on his return to state court.

6

At this point, however, the court cannot say that it plainly appears from the face of the petition or from any attached exhibits that the petitioner is not entitled to relief.

### IV. Petitioner's Second Motion for Appointment of Counsel (Dkt. No. 30) and Third Motion to Appoint Counsel (Dkt. No. 31)

The petitioner filed this federal petition almost five years ago, in August 2016. Part of the reason the case has lingered is because, as the court noted, the petitioner asked for a stay until he could exhaust remedies in state court. But the petitioner filed his motion to reopen the case on June 15, 2018, dkt. no. 23, and the court did not rule on that motion until July 27, 2020, dkt. no. 29—over two years later. In its order reopening the case, the court stated, "The court regrets that this motion somehow escaped the court's attention—it should have ruled on the motion a long time ago." Dkt. No. 29 at 2. The court went on to give the petitioner a chance to file an amended complaint. Id.

It appears that the petitioner construed the court's expression of regret as an admission that the court had ignored his case. On August 4, 2020, the petitioner filed a document titled "Reference courts order 27, July 2020 Response + Request." Dkt. No. 30. The first sentence of the document states that the petitioner "was not aware until recently that the court had ignored [his] case." Id. at 1. He says that he thought he was "denied," saying that he had "sent so many request and got no response." Id. The petitioner stated that he "hoped that somehow this court might give [him] a hearing when [he] left state custody and was transferred to federal custody where [he] had hoped to find someone to help [him] present the petition like you now require so that [he]

7

could prove to the court [he was] not only entitled to relief but that [he] simply can not do this without counsels help." Id.

The petitioner says that the people who were helping him are "no longer around" and that all his "legal paperwork" was mailed from the prison to the "Federal Public Defender's Office in Green Bay, WI." Id. at 1-2. The petitioner states that he finds the legal process confusing. Id. at 2. He indicates that when he was transferred to federal custody the Marshals would not allow anything to go with him from state to federal custody. Id. He says, "I did However, ask them to look at the legal work in this case asking them or another attorney they might know who would be willing to take over my case so this amended petition you mention can be done the way you describe in your order of 27 July 2020." Id. The petitioner expresses confusion about why his claims were denied when his own trial lawyers told him that "what they did was a violation of their own reasonableness standards under the Constitution," and he says that if this court agrees with him, he would be "immediately transferred to federal custody because that would mean [his] state time is expired." Id.

The petitioner asserts that he does not have good writing and that he can't write for long due to a medical disability. Id. at 3. He says he doesn't understand some of the rules, and that he thought "the petition the state court denied [he] sent say back to this court was ok for the amended petition you now want." Id. He says that even if he understood everything this court was saying, he could not respond because the Federal Defender has all his papers,

and that it took him a long time and help just to file what he has filed so far. Id. He complains that everyone always says that he understands things, but he thinks he understands only enough to get himself denied and not to get justice. Id. He insists that he is entitled to have one of his state convictions vacated and to be transferred to federal custody, but that he needs a lawyer's help. Id. He concludes by saying that he is at a lost to do anything but reach out again to the Federal Defender and says that he will need a very long extension. Id. at 4.

The petitioner's references to state and federal custody, the Federal Defender and to multiple state cases, are confusing. But a review of this court's public record database shows that on August 14, 2012, the defendant pled guilty before Judge William C. Griesbach to the offense of failure to register as a sex offender. United States v. Adams, Case No. 11-cr-27-WCG (E.D. Wis.), Dkt. Nos. 31, 32. On February 1, 2013—almost a month before he was sentenced in the state-court case that is the basis of this *habeas* petition— Judge Griesbach sentenced the defendant to serve 120 months in the custody of the Bureau of Prisons. Dkt. Nos. 44, 46. The defendant was represented in that federal case by an attorney from Federal Defender Services of Wisconsin, Krista A. Halla-Valdes.

The federal *habeas* petition mentions only one state case—Case No. 11CF563. A review of the publicly-available docket shows that the petitioner has another state conviction—State of Wisconsin v. Charles W. Adams, Case No. 2010CF754 (Winnebago County) (available at https://wcca.wicourts.gov).

9

On December 6, 2010, the state charged the petitioner with sexual assault and false imprisonment. The case went to trial in March 2013 and the jury found the petitioner guilty of second-degree sexual assault with the use of force and false imprisonment. On April 19, 2013, the court sentenced the defendant to serve ten years in state prison (ten years on the sexual assault charge and three years on the false imprisonment charge, to be served concurrently with each other but consecutive to any previously imposed sentence) followed by eight years on extended supervision. Id. The petitioner has not filed a federal *habeas* petition challenging this conviction and sentence.

In May of this year, the petitioner notified the court that he'd been transferred to a new facility. Dkt. No. 31. He explained in the letter that he'd had no response from Attorney Halla-Valdes, "who currently has [his] files she is holding until [he is] transferred to federal custody." Id. He repeats that he is not a lawyer and cannot proceed without a lawyer or his files. He says that no lawyer is willing to represent him without money or a court appointment. He reiterates that he believes the court will rule that he has finished serving his state time and that he should immediately be transferred to federal custody to serve his "last sentence." Id.

In its July 27, 2020 order reopening the case, the court denied the petitioner's first motion to appoint counsel (which he filed in June 2018 along with his motion to reopen the case) and detailed the relevant facts and legal standards underlying that decision. Dkt. No. 29 at 3-4. The court concluded that the petitioner had stated his claims clearly and understandably. Id. Noting

that the petitioner had not yet filed the amended petition and the respondent had not yet responded, the court found that the case "has not reached the point where the petitioner cannot handle it himself." Id. at 4. The court told the petitioner that if there came a time where the litigation was too complex for him to handle on his own, he could renew the petition. Id.

Since then, the petitioner has indicated that he doesn't have his legal files and that he can't get them from the Federal Defender's office. He says that whoever helped him craft his original petition and other filings is no longer around (and the court notes that he's now at a different prison). It is possible the petitioner is confused about which of his state convictions he has attacked in this petition. He appears to believe that he sent requests to this court, requests this court has no record of receiving. He appears confused about the procedure by which a federal court would rule on a *habeas* petition. The court believes that it may be appropriate to appoint counsel to represent the petitioner.

First, however, the court will require the respondent to answer or otherwise respond to the petition. Once the respondent has responded, the court will consider appointing counsel to assist the petitioner. It will deny his current motions without prejudice, but will allow him to again request the appointment of a lawyer once he has received the respondent's answer.

**V.     Conclusion**

The court **DENIES AS MOOT** the petitioner's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

11

The court **DENIES WITHOUT PREJUDICE** the petitioner's second and third motions to appoint counsel. Dkt. Nos. 30, 31.

The court **ORDERS** that the petitioner may proceed on the grounds in his *habeas* petition.

The court **ORDERS** that within sixty days the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue.

If the respondent files an *answer* to the petition, the petitioner should not object to that answer. Instead, the court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files his answer to file a brief in support of his petition (in this brief, the petitioner should explain why he believes the court should grant him the *habeas* relief he requests);

(2) the respondent has forty-five days after the petitioner files his initial brief to file the respondent's brief in opposition to the petition; and

(3) the petitioner has thirty days after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion (such as a motion to dismiss the petition), the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must

12

file a brief in opposition to that motion within forty-five days of the date on which the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within thirty days of the date the petitioner files the opposition brief.

The parties must submit their pleadings in time for the court to *receive* them by the deadlines stated above. If the petitioner believes that he cannot file the pleadings described above without the assistance of counsel, he must file a renewed motion to appoint counsel before the deadlines stated above.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, the court will notify the Wisconsin Department of Justice (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The Department of Justice will inform the court within twenty-one days from the date of the NEF whether the Department of Justice will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The Department of Justice will provide the pleadings to the

respondent on whose behalf the Department has agreed to accept service of process.

Along with this order, the court will send the petitioner a copy of the Eastern District of Wisconsin's guide for *habeas* petitioners, entitled "Habeas Corpus: Answers to State Petitioners' Common Questions."

Dated in Milwaukee, Wisconsin this 22nd day of July, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**